## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## DELTA DIVISION

**ERIC McGAIL CRISWELL**  **PLAINTIFF**
**ADC #165409**

v.  No: **2:22-cv-00249-BSM-PSH**

**UNDRAY FIELDS,** *et al.*  **DEFENDANTS**

### ORDER

Plaintiff Eric McGail Criswell, an inmate at the Arkansas Division of Correction's East Arkansas Regional Unit, filed this *pro se* 42 U.S.C. § 1983 action on December 27, 2022, by filing a complaint and amended complaint (Doc. Nos. 2-3). Criswell's application to proceed *in forma pauperis* was granted, and service was ordered on defendants Undray Fields, Tyrone Allison, Dexter Payne, and William Straughn (the "Defendants"). Doc. No. 4. Criswell sues Defendants in their official and personal capacities and seeks injunctive relief and compensatory, punitive and nominal damages. *See* Doc. No. 3 at 2-3.

Defendants move to dismiss Criswell's claims for failure to state a claim upon which relief may be granted. Doc. Nos. 5-6. Defendants argue that Criswell's complaint are subject to dismissal because he has not suffered any physical injury, but only believes that he may be harmed at some point in the future. Defendants also assert that Criswell's official capacity claims for money damages are barred by

sovereign immunity, and he does not allege any personal involvement on the part of defendant Dexter Payne. Criswell filed a response to the Defendants' motion (Doc. No. 8). In his response, Criswell includes additional factual allegations regarding defendant Undray Fields that were not present in his Amended Complaint. Specifically, he asserts, for the first time, that Fields labeled him a snitch.

The Court cannot consider allegations outside Criswell's original and amended complaint when making a recommendation on Defendants' motion to dismiss. *See Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir. 1998) ("When analyzing a dismissal under Rule 12(b)(6), we accept the factual allegations *contained in the complaint* as true and construe them in the light most favorable to the plaintiff.") (emphasis added). Accordingly, the Court will allow Criswell the opportunity to amend his complaint. If he intends to do so, he must file a Second Amended Complaint by March 31, 2023. Criswell should include all relevant facts in his Second Amended Complaint and should specifically describe the involvement of each defendant and any injury he suffered or damages he incurred as a result of the Defendants' actions. If he does not file a Second Amended Complaint, the Court will consider only the factual allegations present in Criswell's Complaint (Doc. No. 2) and Amended Complaint (Doc. No. 3) when the Court analyzes the Defendants' pending Motion to Dismiss (Doc. No. 5). If Criswell

timely files a Second Amended Complaint, the Defendants shall have 21 days to file a new motion to dismiss or otherwise respond to the Second Amended Complaint.[1]

The Clerk of Court is directed to send a blank § 1983 complaint form to Criswell. Criswell is cautioned that a Second Amended Complaint renders his existing complaints without legal effect; only claims properly set out in the Second Amended Complaint will be allowed to proceed.

IT IS SO ORDERED this 2nd day of March, 2023.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] If Criswell timely files a Second Amended Complaint, the undersigned will recommend Defendants' pending motion to dismiss be denied as moot. *See Pure Country, Inc. v. Sigma Chi Fraternity*, 312 F.3d 952, 956 (8th Cir. 2002).